**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BLUE SKY INNOVATION GROUP, INC., | |
| Plaintiff, | C.A. No.: _____ |
| v. | |
| FORCOME CO., LTD, and AMERICAN OUTDOOR BRANDS, INC., | **JURY TRIAL DEMANDED** |
| Defendants. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Blue Sky Innovation Group, Inc. ("Blue Sky" or "Plaintiff") for its complaint against Forcome Co., Ltd. ("Forcome") and American Outdoor Brands, Inc. ("AOB"), collectively ("Defendants"), alleges as follows:

### NATURE OF THE ACTION

1.      This is an action for design patent infringement under the Patent Laws of the United States, 35 U.S.C. § 101 et seq.  This action arises by reason of Defendants' infringement of Blue Sky's U.S. Patent No. D831,080 covering the ornamental design for a grinder motor and base, described below.

### THE PARTIES

2.      Blue Sky is an Ohio Corporation with its principal place of business at 2931 Abbe Rd. N, Sheffield Lake, Ohio 44054.

3.      Upon information and belief, Forcome is a foreign corporation with its principal place of business at Building 109, No. 255, South Sizhuan Road, Shanghai 201612 China.

4.      Upon information and belief, AOB is a Delaware corporation with its principal place of business located at 1800 N Route Z, Columbia, Missouri 65202.

## JURISDICTION AND VENUE

5.      This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

6.      AOB is subject to personal jurisdiction in this District because, upon information and belief, it is incorporated under the laws of the State of Delaware.

7.      AOB is also subject to personal jurisdiction in this District because, upon information and belief, AOB regularly and continuously transacts business in the State of Delaware, by distributing and shipping into this Judicial District, or by offering to sell or selling, outdoor sports and recreation products.  Upon information and belief, AOB derives substantial revenue from interstate commerce, including substantial revenue from goods used in the State of Delaware.

8.      AOB is also subject to personal jurisdiction in this District because, upon information and belief, AOB sells, offers to sell, and distributes within the State of Delaware products that infringe a patent owned by Blue Sky.  By doing so, AOB has committed and continues to commit tortious acts within the State of Delaware, which AOB expects or reasonable should expect to have consequences in the State of Delaware.

9.      Forcome is subject to personal jurisdiction in this District because, upon information and belief, Forcome regularly and continuously transacts business in the State of Delaware by importing, offering to sell, and/or selling products in the State of Delaware.  Upon information and belief, Forcome derives substantial revenue from interstate commerce, including substantial revenue from goods used in the State of Delaware.

10.     Forcome is also subject to personal jurisdiction in this District, because, upon information and belief, Forcome sells, offers to sell, and/or distributes within the State of Delaware products that infringe a patent owned by Blue Sky, and/or induces the infringement of AOB described herein.  The infringing products are purposefully sold in Delaware and this District

through the stream of commerce and Forcome's distribution networks.  Forcome purposefully placed the infringing products into the stream of commerce with the intent of the infringing products being sold and offered for sale in Delaware.

11.     Venue is proper in this District as to AOB pursuant to 28 U.S.C. §§ 1391(b)-(c) and under 28 U.S.C. § 1400(b) because, upon information and belief, AOB is incorporated under the laws of the State of Delaware and, therefore, resides in this District.

12.     Venue is proper in this District as to Forcome under 28 U.S.C. § 1391(b)-(c) because a substantial part of the events or omissions giving rise to the claim occurred in this District and/or because Forcome is subject to this Court's personal jurisdiction with respect to this action.  Venue is also proper under 28 U.S.C. § 1391(c)(3) because Forcome is not a resident of the United States and may be sued in any judicial district.

## FACTUAL BACKGROUND

**Blue Sky's Design Patent**

13.     Blue Sky develops innovative consumer products and has developed over 300 products in the outdoor sports and recreational areas, including meat grinders.

14.     Blue Sky has obtained various patents related to its innovative meat grinder designs, including design and utility patents for several parts of the meat grinders, including the grinder, the motor and base, the head, and the safety cover.

15.     In particular, Blue Sky's U.S. Patent No. D831,080 S ("the '080 patent") is at issue herein. The '080 patent is entitled, "Grinder Motor and Base" and lists Jeffry W. Palese as its sole inventor.  Attached as **Exhibit A** is a true and correct copy of the '080 patent.

16.     The '080 patent issued on October 16, 2018 from Application No. 29/637,786, filed on February 22, 2018.

17.     At all times since the date of issue of the '080 patent, Blue Sky has been, and currently is, the exclusive owner of the entire right, title, and interest in and to the '080 patent, including the exclusive right to bring suit to enforce the '080 patent, including the right to recover for patent infringement.

**Manufacturing Agreement Between Blue Sky and Forcome**

18.     Forcome is a trading and manufacturing company that specializes in exporting outdoor products, tools, and equipment.

19.     On or about September 2, 2014, Blue Sky and Forcome entered into a Cooperation Agreement (the "Cooperation Agreement") under which Forcome would manufacture for Blue Sky certain meat grinders (the "Carnivore Grinders") according to designs provided by Blue Sky. The Carnivore Grinders were designed exclusively by Blue Sky and were patent-pending. Attached as **Exhibit B** is a true and correct copy of the Cooperation Agreement.

20.     The Cooperation Agreement contained an exclusivity clause which required Forcome to sell the specified products exclusively to Blue Sky and prohibited Forcome from selling similar products to anyone other than Blue Sky.  Exhibit B at ¶ 2.

21.     The Cooperation Agreement also contained a confidentiality clause which prohibited Forcome from disclosing or using Blue Sky's confidential information for any other purpose.  *Id*. at ¶ 7.

22.     On or about October 31, 2014, Blue Sky sent Forcome the relevant product designs for the Carnivore Grinders pursuant to the Cooperation Agreement.

**Forcome's Improper Activities**

23.     Unbeknownst to Blue Sky at the time, after receiving the relevant designs for the Carnivore Grinders and their parts, Forcome began the process of obtaining various patents with the China National Intellectual Property Administration ("CNIPA").

24.    From 2015 to 2017, Forcome improperly obtained patents granted by the CNIPA that were based on Blue Sky's product designs and intellectual property shared by Blue Sky pursuant to the Cooperation Agreement.

25.    In or around May 2020, Blue Sky informed Forcome that Blue Sky was terminating the Cooperation Agreement.

**Forcome Partners With AOB**

26.    Upon information and belief, Forcome is presently manufacturing and importing into the United States meat grinders that are being offered for sale and sold by AOB under the brand name Meat! Your Maker (the "Infringing Products").  Upon information and belief, the Infringing Products are derived from Blue Sky's Carnivore Grinder designs and are copies of Blue Sky's patented design embodied by the '080 patent.

27.    A side-by-side comparison of the claimed design of the '080 patent and the design of the Infringing Products is shown below.

| Figure from '080 Patent | Infringing Products |
| --- | --- |
|  | |

| Figure from '080 Patent | Infringing Products |
|---|---|



| Figure from '080 Patent | Infringing Products |
|---|---|
|  | |

28.     As evidenced above, the design of the Infringing Products is substantially the same as the design of the '080 patent.

29.     In addition, the component parts of the Infringing Products, including the food tray, plates, and retaining ring, are identical to those of the Carnivore Grinders, as shown below.

| Carnivore Grinder | Infringing Products |
|---|---|



30.     Other identical component parts used in the Infringing Products include the grinder head, cutter, auger, sausage funnels, removeable safety guard, and manual pusher.

31.     Upon information and belief, the design and tooling of each of the component parts of the Infringing Products discussed above in paragraphs 29 and 30 is based on Blue Sky's designs and was obtained pursuant to the Cooperation Agreement.

## COUNT I
(Design Patent Infringement of U.S. Patent No. D831,080
under 35 U.S.C. § 271)

32.     Blue Sky re-alleges and incorporates the allegations set forth in paragraphs 1-31 herein.

33.     Defendants have directly infringed the '080 patent by making, importing, offering to sell, and/or selling in the United States, products that copy the ornamental design covered by the '080 patent in violation of 35 U.S.C. § 271, including but not limited to the Infringing Products.

34.    As evidenced above in paragraph 27, the design of the Infringing Products is substantially the same as the design of the '080 patent.  The designs are so similar as to be nearly identical such that an ordinary observer, giving such attention as a purchaser usually gives, would be so deceived by the substantial similarity between the designs so as to be induced to purchase the Infringing Products believing them to be substantially the same as the design protected by the '080 patent.

35.    Forcome has actively induced AOB to infringe the '080 patent.  Upon information and belief, Forcome knew that the sale and/or use of the Infringing Products by its customers, including AOB (and its customers), would directly infringe the '080 patent, and thus had specific intent to induce infringement of the '080 patent.

36.    Defendants' acts of infringement of the '080 patent were undertaken without authority, permission, or license from Blue Sky. Defendants' infringing activities violate 35 U.S.C. § 271.

37.    Defendants' infringement has damaged and continues to damage and injure Blue Sky. The injury to Blue Sky is irreparable and will continue unless and until Defendants are enjoined from further infringement of the '080 patent.

38.    Blue Sky is entitled to the relief provided by 35 U.S.C. § 1 *et seq*. including monetary damages pursuant to 35 U.S.C. §§ 284 and 289 and an order enjoining Defendants from continuing to infringe the '080 patent pursuant to 35 U.S.C. § 283.

39.    Blue Sky is entitled to a complete accounting of all revenue and profits derived by Defendants from the unlawful conduct alleged herein, including without limitation, Defendants' total profit pursuant to 35 U.S.C. § 289.

40.     Defendants have knowingly, intentionally, and willfully infringed the '080 patent and will continue to do so subsequently to the filing of this complaint unless it is enjoined the Court. Accordingly, Blue Sky is entitled to enhanced damages pursuant to 35 U.S.C. § 284.

41.     Defendants' infringing activities make this an exceptional case entitling Blue Sky to the recovery of its reasonable attorneys' fees under 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Blue Sky respectfully prays for a judgment against Defendants Forcome Co., Ltd. and American Outdoor Brands, Inc. as follows:

A.     A judgment that Defendants have infringed the '080 patent;

B.     A permanent injunction enjoining Defendants, their respective officers, directors, agents, and employees and all other persons acting or attempting to act in active concert or participating with Defendants or acting on Defendants' behalf, from making, importing, using, selling, and offering to sell infringing products practicing the '080 patent and from otherwise, infringing or actively inducing infringement of the '080 patent;

C.     A judgment and order that Defendants deliver to Blue Sky for destruction all previously manufactured and ready-for-sale infringing products, packing and labeling materials, sales literature, customer literature, and other pieces used in the infringement of the '080 patent;

D.     A judgment and order that Defendants make an accounting to Blue Sky and pay over to Blue Sky:

1. the extent of Defendants' total profit and revenue realized and derived from their infringement of the '080 patent pursuant to 35 U.S.C. § 289;

2. actual damages in an amount not less than a reasonable royalty for Defendants' infringement pursuant to 35 U.S.C. § 284; and

      3.  treble damages for Defendants' willful and deliberate infringement of the '080

          patent pursuant to 35 U.S.C. § 284;

E.      An award of costs for this action together with Blue Sky's reasonable attorneys'

fees for this case being exceptional pursuant to 35 U.S.C. § 285;

F.      An award of pre-judgment and post-judgment interest on its damages, as allowed

by law; and

G.      Any other additional and further relief that the Court may deem just and proper

under the circumstances.

## <u>JURY DEMAND</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Blue Sky
Innovation Group, Inc. hereby request a trial by jury of all issues so triable.

Dated:  February 2, 2023                Respectfully Submitted,

                                        **BENESCH, FRIEDLANDER, COPLAN &**
                                        **  ARONOFF LLP**

                                        */s/ Kevin M. Capuzzi*
                                        Kevin M. Capuzzi (#5462)
                                        Noelle B. Torrice (#5957)
                                        1313 North Market Street, Suite 1201
                                        Wilmington, DE 19801
                                        Tel: (302) 442-7010
                                        kcapuzzi@beneschlaw.com
                                        ntorrice@beneschlaw.com

                                        Eric Larson Zalud (to be admitted *pro hac vice*)
                                        Michael Weinstein (to be admitted *pro hac vice*)
                                        200 Public Square, Suite 2300
                                        Cleveland, OH 44114
                                        Tel: (216) 363-4500
                                        ezalud@beneschlaw.com
                                        mweinstein@beneschlaw.com

                                        *Attorneys for Plaintiff Blue Sky Innovation*
                                        *Group, Inc.*