

Kevin M. Capuzzi
1313 North Market Street, Suite 1201
Wilmington, Delaware 19801-6101
Direct Dial: 302.442.7063
kcapuzzi@beneschlaw.com

March 4, 2024

**_Via ECF and Hand Delivery_**
Hon. Sherry R. Fallon
United States Magistrate Judge for the
District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Unit 14, Room 6100
Wilmington, Delaware 19801

Re:   *Blue Sky Innovation Group, Inc. v. Forcome Co., Ltd., at al*.; No. 1:23-cv-00129

Dear Magistrate Judge Fallon:

We represent Plaintiff Blue Sky Innovation Group., Inc. ("BSIG") in the above-captioned matter. In accordance with this Court's Order (D.I. 100), BSIG files this letter-brief in support of its motion to resolve a discovery dispute surrounding the location of depositions of key witnesses for Defendants Forcome Co., Ltd. ("Forcome Hong Kong") and Forcome (Shanghai) Co., Ltd. ("Forcome Shanghai") (together, "Forcome") (collectively, with BSIG, the "Parties").

## Underlying Facts and Overview of Discovery Dispute

This action concerns various tort, contract, and patent claims and counterclaims related to the Parties' previous relationship manufacturing meat grinders for commercial sale. On January 22, 2024, BSIG noticed the depositions of Walker Wang, David Wang, Laura Lee, and Chloe Tu for early February 2024 at BSIG's counsel's Cleveland office. The Deposition Notices of Walker Wang, David Wang, and Chloe Tu are attached as **Exhibits 1, 2, and 3**, respectively. After discussion among the Parties, and the adjournment of certain discovery deadlines, the Parties agreed that these four depositions would take place at mutually agreed-upon dates in March 2024. During these discussions, Forcome's counsel neither objected to the depositions taking place in Cleveland (as noticed) nor mentioned making these witnesses available only in Hong Kong.

On February 6, 2024, Forcome's counsel emailed BSIG's counsel with proposed dates and times for these four depositions. Surprisingly, Forcome's counsel stated that only Laura Lee would be deposed in Cleveland and the others would sit for their depositions in Hong Kong. A copy of this email, as well as subsequent communications, is attached as **Exhibit 4.** BSIG responded that it had previously understood that these witnesses would be deposed in Cleveland and reminded counsel that the language of the Scheduling Order (D.I. 37) required that these witnesses be deposed in Delaware (if not Cleveland). All counsel held a Local Rule 7.1.1 Zoom conference on Monday, February 12, 2024 at 1:00pm ET, wherein both sides maintained their positions. As it stands, BSIG seeks to depose these three witnesses in Delaware (if not Cleveland) and Forcome has insisted that BSIG either travel to Hong Kong or agree to remote video depositions.

## Legal Analysis

Section 8(e)(ii) of the Scheduling Order, attached hereto as **Exhibit 5**, states as follows:

> Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

Forcome has filed counterclaims in this action (*see* D.I. 43, 44), thus there can be no question that pursuant to the Scheduling Order—which was jointly agreed and filed by the Parties—Forcome's "representatives" are required to submit to depositions in Delaware, absent a Court order. Here, the depositions of Walker Wang, David Wang, and Chloe Tu all fall squarely within this provision.

In each of Forcome Hong Kong and Forcome Shanghai's June 2023 initial disclosures, attached as **Exhibits 6 and 7**, respectively, Forcome identified David Wang, Laura Lee, and Walker Wang as its *only* party witnesses. A month later, in its District of Delaware Paragraph 3 Disclosures, attached as **Exhibit 8**, Forcome identified additional witnesses, including Chloe Tu. Forcome listed David Wang as Forcome's president, Walker Wang as Forcome (Qingdao)'s General Manager, and Chloe Tu as Forcome Hong Kong's Sales Director. *See* Exs. 6-8. In short, Forcome has *always* pointed to these individuals as key witnesses to this lawsuit. Moreover, upon information and belief, David Wang owns a home in or around Springfield, Missouri, which is also where related entity Forcome (USA) is located. *See* **Exhibit 9**. Further, both David Wang and Walker Wang are listed on Forcome's website as members of "Forcome's Executive Team." *See* **Exhibit 10.**

When challenged with this information, Forcome claims that David Wang is not currently located in the United States and that travel would be "difficult" for all three witnesses, although Forcome has made no specific explanation for why travel would be so difficult as to render it impossible. This exact excuse was previously rejected by this Court in *Invensas Corp. v. Renesas Elecs. Corp.*, No. CA 11-448-GMS-CJB, 2012 WL 2501106 (D. Del. June 27, 2012). There, the parties disputed whether the default provision of the scheduling order (identical Section 8(e)(ii) here) should apply. The defendant/counterclaimant wanted depositions to take place at its principal place of business in Japan, and the plaintiff requested that the default provision be used. *Id.* at *2. The court observed that this rule means that corporate representatives must be presented for depositions in Delaware. *Id.* Despite the defendant's arguments regarding convenience and the general rule that corporate depositions be taken at the principal place of business, the Court ordered that the default language be applied for two key reasons: (1) generalized burden is insufficient—the default rule is that counterclaimants be required to sit for deposition in the district where the claims are filed; and (2) the requirements for conducting depositions in Japan were daunting—there are significant governmental regulations that would apply. *Id.* at *3. *Invensas* is instructive.

Here, there is no real reason that David Wang, Walker Wang, and Chloe Tu cannot appear for their depositions in Delaware (if not Cleveland), and Forcome has articulated no reason other than the standard inconveniences of international travel. Indeed, Forcome has indicated that these three witnesses would travel *to* Hong Kong for the depositions, understanding that depositions would be unlawful in mainland China, where they live or work. All three witnesses were disclosed *by Forcome* at the outset of the litigation, and Forcome raised no objection to Section 8(e)(ii) of

the Scheduling Order *until now*. It should have come as no surprise to Forcome, or these witnesses, that BSIG would require these witnesses to appear, in person, for depositions in the U.S.

Forcome has argued that Walker Wang and Chloe Tu should not be compelled to appear for deposition in the U.S. because Walker Wang is the General Manager of non-party Forcome (Qingdao) and that Chloe Tu is not an "officer, director, or managing agent." However, Forcome is incorrect that these witnesses are not subject to the Scheduling Order for a few reasons.

First, BSIG has asked Forcome for a chart or explanation of the relationship among the various Forcome entities. In response, Forcome produced what appears to be a screenshot from the Forcome website, attached as **Exhibit 11**, and counsel represented at the Rule 7.1.1 meet and confer that this document *was* Forcome's organizational chart. *See* Exs. 10, 11. Not only is this *not* a business organization chart, but it fails to explain the relationship among the various Forcome entities, including Forcome (Qingdao). Forcome cannot be entitled to unilaterally shield Walker Wang, a member of the "Forcome Executive Team," from a U.S. deposition based on the formalities of a corporate structure that it refuses to disclose. Moreover, Forcome claims in their Counterclaims to the Second Amended Complaint that Walker Wang is a joint inventor of the patent at issue in this lawsuit. (D.I. 101, 102 ¶ 54.) As to Chloe Tu, she is the Sales Director and is undoubtedly bestowed with requisite managerial authority that should be within the ambit of the Scheduling Order's requirement that high-level employees be required to appear for depositions in Delaware. *See* **Exhibit 12.** Indeed, both Walker Wang and Chloe Tu appear throughout Forcome's document productions. Second, BSIG has noticed a Rule 30(b)(6) deposition. To the extent any of these witnesses is offered as a Rule 30(b)(6) representative, that witness is subject to a Delaware deposition. Having two different locations for witnesses appearing in dual capacities is inefficient. Third, to the extent that Forcome intends to bring any of these four witnesses to trial live—which seems likely given the language barrier and time difference (*see* discussion below)—then these witnesses should be required to appear live in Delaware for a deposition.

In considering whether to grant Forcome an exception to Section 8(e)(ii), the Court should weigh "various factors relating to cost, convenience, and litigation efficiency . . . including . . . location of counsel for both parties, size of defendant corporation and regularity of executive travel, resolution of discovery disputes by the forum court, and the nature of the claim and the relationship of the parties." *Invesas Corp.*, 2012 WL 2501106 at * 3 (internal citations and quotations omitted). Here, all lead counsel are in Cleveland, David Wang (if not others) lives in and routinely travels to the U.S, and these witnesses do not even live or work in Hong Kong. But more importantly, the burden on BSIG's counsel to either travel to Hong Kong for these depositions or agree to remote depositions is unreasonable. Fact discovery is set to close in a matter of weeks and there is limited time for counsel to make requisite travel arrangements, notwithstanding the fact that the U.S. Department of State has issued a Level 3 travel advisory for travel to China. *See* **Exhibit 13,** Screenshot from U.S. Dept. of State Website. There is also a practical consideration for any remote deposition, as there is a 12-hour time difference between Delaware and Hong Kong.[1] Forcome's counsel has stated that its witnesses are available March 20, 21, and 22, 2024 beginning at 9:00 A.M. HKT, which is 9:00 P.M. EDT March 19, 20, and 21.

---

[1] Hong Kong Time is 13 hours ahead of Eastern Standard Time and 12 hours ahead during Daylight Saving Time, scheduled as March 10-November 3, 2024, which Hong Kong does not observe.

*See* Ex. 4. Forcing a party to take depositions of counterclaimant's key witnesses at such a late hour is unreasonable, if not burdensome and oppressive, particularly considering that these witnesses require translators, which will increase the length of time of each deposition. And this is all notwithstanding the fact that BSIG is entitled to in-person depositions of counterclaimants and should not have to settle for remote depositions. *See, e.g. Harris v. NCO Fin. Sys.*, No. CIV.A. 07-5546, 2009 WL 497408, at *2 (E.D. Pa. Feb. 25, 2009) ("Defendant is entitled to take the deposition of plaintiff in person."); *see also* Fed. R. Civ. P. 30(b)(4) (outlining that deposition by remote means must be stipulated to or by court order).

Moreover, deposing witnesses in Hong Kong requires strict compliance with foreign law. "In Hong Kong, consular officers may take voluntary depositions of U.S. citizen witnesses without prior permission from Hong Kong authorities, provided no compulsion is used," but arrangements must be made with the U.S. Consulate General if the witness is to be sworn under oath. *See* **Exhibit 14,** Screenshot from U.S. Dept. of State Website, at 2. However, "Consistent with Hong Kong's declarations and reservations regarding the Hague Evidence Convention, consular officers are prohibited from taking voluntary depositions of non-U.S. citizen witnesses." *Id.* The only alternative is to obtain permission by Hong Kong's Competent Authority for deposition to "be conducted by commissioners in Hong Kong regardless of the nationality of the witness, provided no compulsion is used." *Id.* Presumably, these witnesses are not U.S. citizens. *See* Ex. 4 (referencing a need for visas to travel to the U.S.). Based on the above, the only way for BSIG to depose any of these Forcome witnesses would be obtain requisite permission (assuming each of these witnesses agrees to appear voluntarily)—which may not ultimately be granted—or to do so without permission, and *risk legal prosecution*. Certainly, this burden on BSIG, and its legal counsel, is plainly unreasonable when Forcome has brought legal claims in this jurisdiction and has disclosed and intends to rely on these key Chinese witnesses. BSIG is unaware of whether Forcome's proposed remote depositions would run afoul of Hong Kong laws, but BSIG should not be burdened with engaging Hong Kong legal counsel to make such a determination. Further, given the language of the Scheduling Order, BSIG did not reasonably anticipate it would be forced to travel to Hong Kong to depose these witnesses, and thus it did not make any arrangements with the Hong Kong government in order to take these depositions legally. Thus, Forcome should not be permitted to force depositions in Hong Kong and shift all related burden to BSIG.

## Conclusion

For the forgoing reasons, Forcome's three key witnesses, David Wang, Walker Wang, and Chloe Tu should be required to submit to the requested depositions, in person and in Delaware. A proposed order is annexed hereto as **Exhibit 15.**

Respectfully Submitted,

**BENESCH, FRIEDLANDER,
 COPLAN & ARONOFF LLP**

*/s/ Kevin M. Capuzzi*
Kevin M. Capuzzi (#5462)

cc:   Counsel for all Parties (via ECF)