**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| BLUE SKY INNOVATION GROUP, INC., | **C.A. No.: 1:23-cv-00129-MN** |
| Plaintiff, | |
| v. | |
| FORCOME CO., LTD, *et al.*, | **JURY TRIAL DEMANDED** |
| Defendants. | |

**PLAINTIFF'S ANSWER TO DEFENDANT
FORCOME (SHANGHAI) CO., LTD'S THIRD AMENDED COUNTERCLAIMS**

Plaintiff Blue Sky Innovation Group, Inc. ("Blue Sky" or "Plaintiff"), for its Answer to Defendant Forcome (Shanghai) Co., Ltd.'s ("Forcome Shanghai") Third Amended Counterclaims, states as follows:

**PARTIES**

1.      Plaintiff admits the allegations contained in Paragraph "1" of Forcome Shanghai's Counterclaims.

2.      Plaintiff admits the allegations contained in Paragraph "2" of Forcome Shanghai's Counterclaims.

3.      Plaintiff admits the allegations contained in Paragraph "3" of Forcome Shanghai's Counterclaims.

**JURISDICTION AND VENUE**

4.      The allegations contained in Paragraph "4" of Forcome Shanghai's Counterclaims state legal conclusions, characterizations, or arguments, to which no response is required.

5.      The allegations contained in Paragraph "5" of Forcome Shanghai's Counterclaims state legal conclusions, characterizations, or arguments, to which no response is required.  To the

extent that a response is required to the allegations contained in Paragraph "5" of the Forcome Shanghai's Counterclaims, Plaintiff admits those allegations.

6.      The allegations contained in Paragraph "6" of Forcome Shanghai's Counterclaims state legal conclusions, characterizations, or arguments, to which no response is required.  To the extent that a response is required to the allegations contained in Paragraph "6" of the Forcome Shanghai's Counterclaims, Plaintiff admits those allegations.

7.      The allegations contained in Paragraph "7" of Forcome Shanghai's Counterclaims state legal conclusions, characterizations, or arguments, to which no response is required.  To the extent that a response is required to the allegations contained in Paragraph "7" of the Forcome Shanghai Counterclaims, Plaintiff admits those allegations.

**STATEMENT OF FACTS**

**A.      The Forcome Group consists of multiple companies specialized in developing, manufacturing and selling outdoor equipment.**

8.      Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "8" of Forcome Shanghai's Counterclaims and, on that basis, Plaintiff denies those allegations.

9.      Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "9" of Forcome Shanghai's Counterclaims and, on that basis, Plaintiff denies those allegations.

10.      Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "10" of Forcome Shanghai's Counterclaims and, on that basis, Plaintiff denies those allegations.

11.     Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "11" of Forcome Shanghai's Counterclaims and, on that basis, Plaintiff denies those allegations.

12.     Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "12" of Forcome Shanghai's Counterclaims and, on that basis, Plaintiff denies those allegations.

13.     Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "13" of Forcome Shanghai's Counterclaims and, on that basis, Plaintiff denies those allegations.

14.     Plaintiff admits that it entered into several agreements with Forcome Shanghai related to the Carnivore Grinders.  Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph "14" of Forcome Shanghai's Counterclaims and, on that basis, Plaintiff denies those allegations.

**B.     Blue Sky reaches out to Forcome Shanghai for the development of a meat grinder for Cabela's with cooling system.**

15.     Plaintiff denies the allegations in Paragraph "15" of Forcome Shanghai's Counterclaims.

16.     Plaintiff denies the allegations in Paragraph "16" of Forcome Shanghai's Counterclaims.

17.     Plaintiff denies the allegations in Paragraph "17" of Forcome Shanghai's Counterclaims.

18.     Plaintiff denies the allegations in Paragraph "18" of Forcome Shanghai's Counterclaims.

19.     Plaintiff denies the allegations in Paragraph "19" of Forcome Shanghai's Counterclaims.

20.     Plaintiff denies the allegations in Paragraph "20" of Forcome Shanghai's Counterclaims.

21.     Plaintiff denies the allegations in Paragraph "21" of Forcome Shanghai's Counterclaims.

22.     Plaintiff admits the allegations in Paragraph "22" of Forcome Shanghai's Counterclaims.

23.     Plaintiff denies the allegations in Paragraph "23" of Forcome Shanghai's Counterclaims inasmuch as it improperly defines the NDA and responds that Exhibit 1 speaks for itself.

24.     Plaintiff neither admits nor denies the allegations in Paragraph "24" of Forcome Shanghai's Counterclaims and responds that Exhibit A to Exhibit 1 speaks for itself.

25.     Plaintiff neither admits nor denies the allegations in Paragraph "25" of Forcome Shanghai's Counterclaims and responds that Exhibit 1 speaks for itself.

26.     Plaintiff neither admits nor denies the allegations in Paragraph "26" of Forcome Shanghai's Counterclaims and responds that Exhibit 1 speaks for itself.

27.     Plaintiff neither admits nor denies the allegations in Paragraph "27" of Forcome Shanghai's Counterclaims and responds that Exhibit 1 speaks for itself.

28.     Plaintiff neither admits nor denies the allegations in Paragraph "28" of Forcome Shanghai's Counterclaims and responds that Exhibit 1 speaks for itself.

29.     Plaintiff neither admits nor denies the allegations in Paragraph "29" of Forcome Shanghai's Counterclaims and responds that Exhibit 1 speaks for itself.

30.     Plaintiff neither admits nor denies the allegations in Paragraph "30" of Forcome Shanghai's Counterclaims and responds that Exhibit A to Exhibit 1 speaks for itself.

31.     Plaintiff neither admits nor denies the allegations in Paragraph "31" of Forcome Shanghai's Counterclaims and responds that Exhibit A to Exhibit 1 speaks for itself.

32.     Plaintiff neither admits nor denies the allegations in Paragraph "32" of Forcome Shanghai's Counterclaims and responds that Exhibit 1 speaks for itself.

33.     Plaintiff neither admits nor denies the allegations in Paragraph "33" of Forcome Shanghai's Counterclaims and responds that Exhibit 2 speaks for itself.

34.     Plaintiff neither admits nor denies the allegations in Paragraph "34" of Forcome Shanghai's Counterclaims.

35.     Plaintiff neither admits nor denies the allegations in Paragraph "35" of Forcome Shanghai's Counterclaims and responds that Exhibit 2 speaks for itself.

36.     Plaintiff neither admits nor denies the allegations in Paragraph "36" of Forcome Shanghai's Counterclaims and responds that Exhibit 2 speaks for itself.

37.     Plaintiff neither admits nor denies the allegations in Paragraph "37" of Forcome Shanghai's Counterclaims and responds that Exhibit 2 speaks for itself.

38.     Plaintiff neither admits nor denies the allegations in Paragraph "38" of Forcome Shanghai's Counterclaims and responds that Exhibit 2 speaks for itself.

39.     Plaintiff neither admits nor denies the allegations in Paragraph "39" of Forcome Shanghai's Counterclaims and responds that Exhibit 2 speaks for itself.

40.     Plaintiff neither admits nor denies the allegations in Paragraph "40" of Forcome Shanghai's Counterclaims and responds that Exhibit 2 speaks for itself.

41.     Plaintiff neither admits nor denies the allegations in Paragraph "41" of Forcome Shanghai's Counterclaims and responds that Exhibit 2 speaks for itself.

42.     Plaintiff neither admits nor denies the allegations in Paragraph "42" of Forcome Shanghai's Counterclaims and responds that Exhibit 2 speaks for itself.

43.     Plaintiff neither admits nor denies the allegations in Paragraph "43" of Forcome Shanghai's Counterclaims and responds that Exhibit A to Exhibit 2 speaks for itself.

44.     Plaintiff neither admits nor denies the allegations in Paragraph "44" of Forcome Shanghai's Counterclaims and responds that Exhibit A to Exhibit 2 speaks for itself.

45.     Plaintiff neither admits nor denies the allegations in Paragraph "45" of Forcome Shanghai's Counterclaims and responds that Exhibit 2 speaks for itself.

46.     Plaintiff neither admits nor denies the allegations in Paragraph "46" of Forcome Shanghai's Counterclaims and responds that Exhibit 2 speaks for itself.

47.     Plaintiff neither admits nor denies the allegations in Paragraph "47" of Forcome Shanghai's Counterclaims and responds that Exhibit 2 speaks for itself.

48.     Plaintiff neither admits nor denies the allegations in Paragraph "48" of Forcome Shanghai's Counterclaims and responds that Exhibit 2 speaks for itself.

49.     Plaintiff admits that Plaintiff deducted $150,000 as a set-off from a final product purchase order payment in January 2020 due to Forcome Shanghai, and that Plaintiff terminated the Cooperation Agreement on July 2, 2020.   Plaintiff denies the remaining allegations of Paragraph "49" of Forcome Shanghai's Counterclaims.

50.     The allegations contained in Paragraph "50" of Forcome Shanghai's Counterclaims state legal conclusions, characterizations, or arguments, to which no response is required.   To the extent that a response is required to the allegations contained in Paragraph "50" of Forcome

Shanghai's Counterclaims, Plaintiff denies the allegations of Paragraph "50" of Forcome Shanghai's Counterclaims.

**C.      The parties co-develop Cabela's Carnivore Grinder models.**

51.      Plaintiff denies the allegations in Paragraph "51" of Forcome Shanghai's Counterclaims.

52.      Plaintiff denies the allegations in Paragraph "52" of Forcome Shanghai's Counterclaims.

53.      Plaintiff denies the allegations in Paragraph "53" of Forcome Shanghai's Counterclaims.

54.      Plaintiff denies the allegations in Paragraph "54" of Forcome Shanghai's Counterclaims.

55.      Plaintiff denies the allegations in Paragraph "55" of Forcome Shanghai's Counterclaims.

56.      Plaintiff denies the allegations in Paragraph "56" of Forcome Shanghai's Counterclaims.

57.      Plaintiff admits that early models did not have a handle and that Blue Sky conceived to add a handle.   Plaintiff denies the remaining allegations in Paragraph "57" of Forcome Shanghai's Counterclaims.

58.      Plaintiff admits that early models did not have a handle and that Blue Sky conceived to add a handle.   Plaintiff denies the remaining allegations in Paragraph "58" of Forcome Shanghai's Counterclaims.

59.    Plaintiff admits that early models did not have a drawer and that Blue Sky conceived to add a drawer.  Plaintiff denies the remaining allegations in Paragraph "59" of Forcome Shanghai's Counterclaims.

60.    Plaintiff denies the allegations in Paragraph "60" of Forcome Shanghai's Counterclaims.

61.    Plaintiff denies the allegations in Paragraph "61" of Forcome Shanghai's Counterclaims.

62.    Plaintiff denies the allegations in Paragraph "62" of Forcome Shanghai's Counterclaims.

63.    Plaintiff denies the allegations in Paragraph "63" of Forcome Shanghai's Counterclaims.

64.    Plaintiff denies the allegations in Paragraph "64" of Forcome Shanghai's Counterclaims.

65.    Plaintiff denies the allegations in Paragraph "65" of Forcome Shanghai's Counterclaims.

66.    Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "66" of Forcome Shanghai's Counterclaims and, on that basis, Plaintiff denies those allegations.

**D.    Blue Sky secretly and improperly provide Yuchi with Forcome Shanghai's confidential information.**

67.    Plaintiff admits the allegations in Paragraph "67" of Forcome Shanghai's Counterclaims, except that Plaintiff is without knowledge or information sufficient to form a belief as to the truth of Forcome Shanghai's allegation that Plaintiff and Yuchi's contractual relationship was "unbeknownst to Forcome Group", and, therefore, on that basis denies this allegation.

68.    Plaintiff denies the allegations in Paragraph "68" of Forcome Shanghai's Counterclaims.

69.    Plaintiff denies the allegations in Paragraph "69" of Forcome Shanghai's Counterclaims.

70.    Plaintiff denies the allegations in Paragraph "70" of Forcome Shanghai's Counterclaims.

71.    Plaintiff denies the allegations in Paragraph "71" of Forcome Shanghai's Counterclaims.

72.    Plaintiff denies the allegations in Paragraph "72" of Forcome Shanghai's Counterclaims.

73.    Plaintiff denies the allegations in Paragraph "73" of Forcome Shanghai's Counterclaims.

74.    Plaintiff denies the allegations in Paragraph "74" of Forcome Shanghai's Counterclaims.

75.    Plaintiff denies the allegations in Paragraph "75" of Forcome Shanghai's Counterclaims.

**E.    Blue Sky places orders with Forcome Hong Kong and then unexpectedly cancels those orders.**

76.    Plaintiff denies the allegations in Paragraph "76" of Forcome Shanghai's Counterclaims.

77.    Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "77" of Forcome Shanghai's Counterclaims and, on that basis, Plaintiff denies those allegations.

78.     Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "78" of Forcome Shanghai's Counterclaims and, on that basis, Plaintiff denies those allegations.

79.     Plaintiff denies the allegations in Paragraph "79" of Forcome Shanghai's Counterclaims.

80.     Plaintiff denies the allegations in Paragraph "80" of Forcome Shanghai's Counterclaims.

81.     Plaintiff admits that Plaintiff sought information from Bass Pro on the cancellation of particular projected orders and communicated this diligence to representatives of the Forcome entities.   Plaintiff denies the remaining allegations in Paragraph "81" of Forcome Shanghai's Counterclaims.

82.     Plaintiff admits that Plaintiff sought information from Bass Pro on the cancellation of particular projected orders and communicated this diligence to representatives of the Forcome entities.   Plaintiff denies the remaining allegations in Paragraph "82" of Forcome Shanghai's Counterclaims.

83.     Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "83" of Forcome Shanghai's Counterclaims and, on that basis, Plaintiff denies those allegations.

84.     Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "84" of Forcome Shanghai's Counterclaims and, on that basis, Plaintiff denies those allegations.

**F.      Blue Sky terminates the relationship and falsely accuses Forcome Shanghai of breaching the Cooperation Agreement.**

85.      Plaintiff admits the allegations in Paragraph "85" of Forcome Shanghai's Counterclaims.

86.      Plaintiff admits the allegations in Paragraph "86" of Forcome Shanghai's Counterclaims.

87.      Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "87" of Forcome Shanghai's Counterclaims and, on that basis, Plaintiff denies those allegations.

88.      Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "88" of Forcome Shanghai's Counterclaims and, on that basis, Plaintiff denies those allegations.

89.      Plaintiff denies the allegations in Paragraph "89" of Forcome Shanghai's Counterclaims.

90.      Plaintiff denies the allegations in Paragraph "90" of Forcome Shanghai's Counterclaims.

91.      Plaintiff denies the allegations in Paragraph "91" of Forcome Shanghai's Counterclaims.

**G.      Blue Sky tortiously interferes with the Forcome Group's business relationships with TSM.**

92.      Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "92" of Forcome Shanghai's Counterclaims and, on that basis, Plaintiff denies those allegations.

93.     Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegation that "they do not have the Cool-Tek feature" contained in Paragraph "93" of Forcome Shanghai's Counterclaims and, on that basis, Plaintiff denies those allegations. Plaintiff denies the remaining allegations in Paragraph "93" of Forcome Shanghai's Counterclaims.

94.     Plaintiff neither admits nor denies the allegations in Paragraph "94" of Forcome Shanghai's Counterclaims and responds that Plaintiff's Complaint speaks for itself.

95.     Plaintiff neither admits nor denies the allegations in Paragraph "95" of Forcome Shanghai's Counterclaims and responds that Plaintiff's First Amended Complaint speaks for itself.

96.     Plaintiff denies the allegations in Paragraph "96" of Forcome Shanghai's Counterclaims.

97.     Plaintiff denies the allegations in Paragraph "97" of Forcome Shanghai's Counterclaims.

98.     Plaintiff denies the allegations in Paragraph "98" of Forcome Shanghai's Counterclaims.

99.     Plaintiff denies the allegations in Paragraph "99" of Forcome Shanghai's Counterclaims.

100.    Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "100" of Forcome Shanghai's Counterclaims and, on that basis, Plaintiff denies those allegations.

101.    Plaintiff denies the allegations in Paragraph "101" of Forcome Shanghai's Counterclaims.

102.    The allegations contained in Paragraph "102" to Forcome Shanghai's Counterclaims state legal conclusions, characterizations, or arguments, to which no response is required.  To the extent that a response is required to the allegations contained in Paragraph "102" to Forcome Shanghai's Counterclaims, Plaintiff denies those allegations and denies that Forcome is entitled to any relief from Plaintiff.

## FIRST COUNTERCLAIM – BREACH OF EXCLUSIVITY CLAUSE OF COOPERATION AGREEMENT

103.    Plaintiff realleges and incorporates herein by reference, as if fully set forth herein, its Answers to all of the preceding paragraphs of Forcome Shanghai's Counterclaims.

104.    Plaintiff admits the allegations in Paragraph "104" of Forcome Shanghai's Counterclaims.

105.    Plaintiff neither admits nor denies the allegations in Paragraph "105" of Forcome Shanghai's Counterclaims and responds that Exhibit 2 speaks for itself.

106.    Plaintiff denies the allegations in Paragraph "106" of Forcome Shanghai's Counterclaims.

107.    Plaintiff neither admits nor denies the allegations in Paragraph "107" of Forcome Shanghai's Counterclaims and responds that Plaintiff's Second Amended Complaint speaks for itself.

108.    Plaintiff neither admits nor denies the allegations in Paragraph "108" of Forcome Shanghai's Counterclaims and responds that Plaintiff's Second Amended Complaint speaks for itself.

109.    Plaintiff denies the allegations in Paragraph "109" of Forcome Shanghai's Counterclaims.

110.     Plaintiff denies the allegations in Paragraph "110" of Forcome Shanghai's Counterclaims.

111.     Plaintiff denies the allegations in Paragraph "111" of Forcome Shanghai's Counterclaims.

112.     The allegations contained in Paragraph "112" to Forcome Shanghai's Counterclaims state legal conclusions, characterizations, or arguments, to which no response is required.  To the extent that a response is required to the allegations contained in Paragraph "112" to Forcome Shanghai's Counterclaims, Plaintiff denies those allegations and denies that Forcome is entitled to any relief from Plaintiff.

**SECOND COUNTERCLAIM – BREACH OF CONFIDENTIALITY CLAUSE OF COOPERATION AGREEMENT**

113.     Plaintiff realleges and incorporates herein by reference, as if fully set forth herein, its Answers to all of the preceding paragraphs of Forcome Shanghai's Counterclaims.

114.     Plaintiff neither admits nor denies the allegations in Paragraph "114" of Forcome Shanghai's Counterclaims and responds that Exhibit 2 speaks for itself.

115.     Plaintiff denies the allegations in Paragraph "115" of Forcome Shanghai's Counterclaims.

116.     Plaintiff denies the allegations in Paragraph "116" of Forcome Shanghai's Counterclaims.

117.     Plaintiff denies the allegations in Paragraph "117" of Forcome Shanghai's Counterclaims.

118.     Plaintiff denies the allegations in Paragraph "118" of Forcome Shanghai's Counterclaims.

119.    Plaintiff denies the allegations in Paragraph "119" of Forcome Shanghai's Counterclaims.

120.    Plaintiff denies the allegations in Paragraph "120" of Forcome Shanghai's Counterclaims.

121.    The allegations contained in Paragraph "121" to Forcome Shanghai's Counterclaims state legal conclusions, characterizations, or arguments, to which no response is required.  To the extent that a response is required to the allegations contained in Paragraph "121" to Forcome Shanghai's Counterclaims, Plaintiff denies those allegations and denies that Forcome is entitled to any relief from Plaintiff.

**THID COUNTERCLAIM – VIOLATION OF THE OHIO TRADE SECRETS ACT**

122.    Plaintiff realleges and incorporates herein by reference, as if fully set forth herein, its Answers to all of the preceding paragraphs of Forcome Shanghai's Counterclaims.

123.    Plaintiff denies the allegations in Paragraph "123" of Forcome Shanghai's Counterclaims.

124.    Plaintiff denies the allegations in Paragraph "124" of Forcome Shanghai's Counterclaims.

125.    Plaintiff denies the allegations in Paragraph "125" of Forcome Shanghai's Counterclaims.

126.    Plaintiff denies the allegations in Paragraph "126" of Forcome Shanghai's Counterclaims.

127.    Plaintiff denies the allegations in Paragraph "127" of Forcome Shanghai's Counterclaims.

128.    Plaintiff denies the allegations in Paragraph "128" of Forcome Shanghai's Counterclaims.

129.   Plaintiff denies the allegations in Paragraph "129" of Forcome Shanghai's Counterclaims.

130.   Plaintiff denies the allegations in Paragraph "130" of Forcome Shanghai's Counterclaims.

131.   The allegations contained in Paragraph "131" to Forcome Shanghai's Counterclaims state legal conclusions, characterizations, or arguments, to which no response is required.  To the extent that a response is required to the allegations contained in Paragraph "131" to Forcome Shanghai's Counterclaims, Plaintiff denies those allegations and denies that Forcome is entitled to any relief from Plaintiff.

132.   Plaintiff denies the allegations in Paragraph "132" of Forcome Shanghai's Counterclaims.

133.   The allegations contained in Paragraph "133" to Forcome Shanghai's Counterclaims state legal conclusions, characterizations, or arguments, to which no response is required.  To the extent that a response is required to the allegations contained in Paragraph "133" to Forcome Shanghai's Counterclaims, Plaintiff denies those allegations and denies that Forcome is entitled to any relief from Plaintiff.

134.   The allegations contained in Paragraph "134" to Forcome Shanghai's Counterclaims state legal conclusions, characterizations, or arguments, to which no response is required.  To the extent that a response is required to the allegations contained in Paragraph "134" to Forcome Shanghai's Counterclaims, Plaintiff denies those allegations and denies that Forcome is entitled to any relief from Plaintiff.

**FOUTH COUNTERCLAIM – VIOLATION OF THE DEFEND TRADE SECRETS ACT**

135.   Plaintiff realleges and incorporates herein by reference, as if fully set forth herein, its Answers to all of the preceding paragraphs of Forcome Shanghai's Counterclaims.

136.    Plaintiff denies the allegations in Paragraph "136" of Forcome Shanghai's Counterclaims.

137.    Plaintiff denies the allegations in Paragraph "137" of Forcome Shanghai's Counterclaims.

138.    Plaintiff denies the allegations in Paragraph "138" of Forcome Shanghai's Counterclaims.

139.    Plaintiff denies the allegations in Paragraph "139" of Forcome Shanghai's Counterclaims.

140.    Plaintiff denies the allegations in Paragraph "140" of Forcome Shanghai's Counterclaims.

141.    Plaintiff denies the allegations in Paragraph "141" of Forcome Shanghai's Counterclaims.

142.    Plaintiff denies the allegations in Paragraph "142" of Forcome Shanghai's Counterclaims.

143.    Plaintiff denies the allegations in Paragraph "143" of Forcome Shanghai's Counterclaims.

144.    The allegations contained in Paragraph "144" to Forcome Shanghai's Counterclaims state legal conclusions, characterizations, or arguments, to which no response is required.  To the extent that a response is required to the allegations contained in Paragraph "144" to Forcome Shanghai's Counterclaims, Plaintiff denies those allegations and denies that Forcome is entitled to any relief from Plaintiff.

145.    Plaintiff denies the allegations in Paragraph "145" of Forcome Shanghai's Counterclaims.

146.   Plaintiff denies the allegations in Paragraph "146" of Forcome Shanghai's Counterclaims.

147.   The allegations contained in Paragraph "147" to Forcome Shanghai's Counterclaims state legal conclusions, characterizations, or arguments, to which no response is required.  To the extent that a response is required to the allegations contained in Paragraph "147" to Forcome Shanghai's Counterclaims, Plaintiff denies those allegations and denies that Forcome is entitled to any relief from Plaintiff.

### FIFTH COUNTERCLAIM – TORTIOUS INTERFERENCE OF BUSINESS RELATIONSHIPS OR PROSPECTIVE BUSINESS OPPORTUNITIES

148.   Plaintiff realleges and incorporates herein by reference, as if fully set forth herein, its Answers to all of the preceding paragraphs of Forcome Shanghai's Counterclaims.

149.   Plaintiff denies the allegations in Paragraph "149" of Forcome Shanghai's Counterclaims.

150.   Plaintiff denies the allegations in Paragraph "150" of Forcome Shanghai's Counterclaims.

151.   Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "151" of Forcome Shanghai's Counterclaims and, on that basis, Plaintiff denies those allegations.

152.   Plaintiff denies the allegations in Paragraph "152" of Forcome Shanghai's Counterclaims.

153.   Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "153" of Forcome Shanghai's Counterclaims and, on that basis, Plaintiff denies those allegations.

154.    Plaintiff denies the allegations in Paragraph "154" of Forcome Shanghai's Counterclaims.

155.    The allegations contained in Paragraph "155" to Forcome Shanghai's Counterclaims state legal conclusions, characterizations, or arguments, to which no response is required.  To the extent that a response is required to the allegations contained in Paragraph "179" to Forcome Shanghai's Counterclaims, Plaintiff denies those allegations and denies that Forcome is entitled to any relief from Plaintiff.

156.    The allegations contained in Paragraph "156" to Forcome Shanghai's Counterclaims state legal conclusions, characterizations, or arguments, to which no response is required.  To the extent that a response is required to the allegations contained in Paragraph "156" to Forcome Shanghai's Counterclaims, Plaintiff denies those allegations and denies that Forcome is entitled to any relief from Plaintiff.

## PRAYER FOR RELIEF

The remaining paragraphs of Forcome Shanghai's Counterclaims contain Forcome Shanghai's prayer for relief, in response to which Plaintiff denies that Forcome is entitled the requested relief, or to any other relief, from Plaintiff.

## <u>AFFIRMATIVE DEFENSES</u>

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1.    Forcome has failed to state a claim upon which relief may be granted against Plaintiff.

### SECOND AFFIRMATIVE DEFENSE
### (Equitable Estoppel)

2.    Forcome Shanghai's Counterclaims are barred by the doctrine of equitable estoppel.

### THIRD AFFIRMATIVE DEFENSE
### (Material Breach of Contract)

3.    Forcome Shanghai's Counterclaims are barred by its primary, material breach of the NDA and Cooperation Agreements.

### FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

4.    Forcome Shanghai's Counterclaims are barred by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE
### (Parole Evidence Rule)

5.    Forcome Shanghai's breach contract claims are barred by the parol evidence rule.

### SIXTH AFFIRMATIVE DEFENSE
### (Contravention of Public Policy)

6.    Forcome Shanghai's claims are barred by virtue of the fact that enforcement thereof would violate public policy.

### SEVENTH AFFIRMATIVE DEFENSE
### (Laches)

7.    Forcome Shanghai's claims are barred by the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE
### (Waiver)

8.    Forcome Shanghai's claims are barred by the doctrine of waiver.

### NINTH AFFIRMATIVE DEFENSE
### (All Other Defenses)

9.    Forcome Shanghai's claims are barred by additional affirmative defenses that may arise or be discovered during the course of the litigation.

### JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues triable of right by jury.

Dated:  August 1, 2024

Respectfully Submitted,

**BENESCH FRIEDLANDER COPLAN &
  ARONOFF LLP**

*/s/ Kevin M. Capuzzi*
Kevin M. Capuzzi (#5462)
Noelle B. Torrice (#5957)
1313 North Market Street, Suite 1201
Wilmington, DE 19801
Tel: (302) 442-7010
kcapuzzi@beneschlaw.com
ntorrice@beneschlaw.com

Eric Larson Zalud (admitted *pro hac vice*)
Michael S. Weinstein (admitted *pro hac vice*)
Deana S. Stein (admitted *pro hac vice*)
Phil Eckenrode (admitted *pro hac vice*)
Lidia C. Mowad (admitted *pro hac vice*)
Alayna Bridgett (admitted *pro hac vice*)
127 Public Square, Suite 4900
Cleveland, OH 44114
Tel: (216) 363-4500
ezalud@beneschlaw.com
mweinstein@beneschlaw.com
dstein@beneschlaw.com
peckenrode@beneschlaw.com
lmowad@beneschlaw.com
abridgett@beneschlaw.com

*Attorneys for Plaintiff Blue Sky Innovation
Group, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 1, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's CM/ECF system.

*/s/ Kevin M. Capuzzi*

Kevin M. Capuzzi (#5462)

*Attorney for Plaintiff Blue Sky Innovation Group, Inc.*